UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT C. TILLER,

    Petitioner,

    v.      CAUSE NO.: 3:23-CV-160-DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Robert C. Tiller, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Indiana State Prison (ISP 22-09-226) in which he was found guilty of possessing a weapon. (ECF 1.) For the reasons stated below, the petition is denied.

The charge against Mr. Tiller was initiated on September 27, 2022, when Sergeant D. Wolford wrote a conduct report stating that during a "random shakedown" of Mr. Tiller's cell, he found a "homemade hole" near the toilet. Inside the hole he found a "9 inch sharpened metal object." (ECF 8-1). A notice of confiscated property form was completed reflecting that the officer confiscated a "9 inch metal object" from Mr. Tiller's cell, as well as a "Black LG cell phone." (ECF 8-2.) An evidence record form was also completed listing these items, and a photograph was taken of the items. (ECF 8-3; ECF 8-4.) Lieutenant D. Koen wrote a statement indicating that he had been present when Mr. Tiller's cell was searched and saw Sergeant Wolford recover the cellphone and weapon. (ECF 8-9.)

On October 13, 2022, Mr. Tiller was formally notified of the charge and given a copy of the conduct report. (ECF 8-5; ECF 8-1.) He pleaded not guilty and requested a lay advocate, and one was appointed for him. (ECF 8-5; ECF 8-6.) He did not request any witnesses, but requested a copy of the "cell inspection sheet" from "the day I moved into this cell" and a "picture of the hole" where the items were found. (ECF 8-5.) These requests were denied because no cell inspection form had been completed when Mr. Tiller moved into the cell, and because the only existing picture (which showed the confiscated items) had already been turned over to him. (*Id.*)

A disciplinary hearing was originally scheduled on October 24, 2022, but it was postponed by the hearing officer "for further investigation." (ECF 8-7.) Two days later, Sergeant Wolford prepared a witness statement indicating that he had found a knife and a cellphone under the toilet in Mr. Tiller's cell. (ECF 8-10.) A hearing was subsequently held on October 27, 2022. (ECF 8-8.) Mr. Tiller pled not guilty and stated that the knife was not his.[1] (*Id.*) The hearing officer considered this statement, along with the physical evidence and staff reports, and found him guilty. He was sanctioned with the loss of 180 days earned credit time and disciplinary segregation. (*Id.*) He appealed through administrative channels, but his appeals were denied. (ECF 8-11; ECF 8-12.)

When prisoners lose earned credit time in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural

---

[1] The hearing officer noted several other statements by Mr. Tiller expressing his discontent with the proceedings. Some of the notations are difficult to read, but it appears he reported having filed a grievance against the hearing officer in an attempt to have her removed from the disciplinary board. (ECF 8-8.)

2

protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there also must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Tiller raises three claims in his petition that the court construes as follows: (1) he was denied evidence; (2) he was denied proper notice because of an alleged discrepancy in the conduct report; and (3) the hearing officer was not impartial.[2] (ECF 1 at 2-3.)

He first argues that he was denied evidence. At screening, Mr. Tiller requested a cell inspection sheet from the day he moved in, but none had been completed. (ECF 8-5.) He also wanted to see a picture of the hole where the weapon was found, but no picture of the hole was taken. The only picture that was taken showed the confiscated items and was turned over to him. (*Id.*; ECF 8-4.) Prisoners have a right to relevant exculpatory evidence, but they do not have the right to the creation of evidence that does not already exist. *Wolff*, 418 U.S. at 556. There is nothing in the record to show Mr. Tiller was denied existing evidence.

---

[2] Mr. Tiller was granted until July 10, 2023, to file a traverse in support of his petition. (ECF 6.) None was received by that deadline. In the interest of justice, the court on its own motion extended the deadline to November 13, 2023. (ECF 9.) That deadline has passed and no traverse was filed.

Next, he claims he was denied due process because of an alleged discrepancy in the conduct report. It appears he was originally given a conduct report stating that a cellphone had been found in his cell. (ECF 1 at 23.) He claims that later that same day, Sergeant Wolford returned and gave him a conduct report describing the recovery of the knife and charging him with possessing a weapon. (*Id.* at 2.) The reasons for Sergeant Wolford's actions are not entirely clear from the present record. Regardless, the records completed on the day of the search confirm that two items were recovered from Mr. Tiller's cell: a cellphone and a knife. This included a photograph of the two items, an evidence record form listing both items, and a statement from Lieutenant Koen indicating that he had been present during the search and saw both a knife and cellphone recovered. To the extent there was any doubt about what was recovered, Sergeant Wolford also submitted a witness statement confirming that he had recovered both a cellphone and a knife during the search of Mr. Tiller's cell.

As best as can be discerned, Mr. Tiller argues that because of the initial report he was given charging him with possessing a cellphone, he did not receive adequate notice of the charge related to the knife.[3] Under *Wolff*, an inmate must be given at least 24 hours' advance notice of the charge, and the notice given "should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Mr. Tiller was given significantly more than 24 hours'

---

[3] The present record does not reveal whether prison staff ever pursued a charge against him related to the cellphone. Whether he was properly notified about a charge related to the cellphone is an issue beyond the scope of this case, which pertains solely to the weapon charge.

notice of the hearing: He was formally notified of the charge on October 13, 2022, and the hearing was held on October 27, 2022. The conduct report stated that he was charged with "possession of a weapon" in violation of A-106 of the Indiana Department of Correction ("IDOC") Adult Disciplinary Code, and it provided the facts supporting the charge, namely, the search of his cell and the recovery of the metal object. The conduct report provided all the information he needed to mount a defense. *Northern*, 326 F.3d at 911. He was clearly aware of the facts giving rise to the charge and did in fact mount a defense, arguing at the hearing that the knife was not his. He has not demonstrated that there was a flaw in the notice he received, or that any error prejudiced his ability to defend himself. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary proceeding).

Within this claim, he may also be challenging the sufficiency of the evidence. To satisfy due process, there only needs to be "some evidence" supporting the guilty find. *Hill*, 472 U.S. at 455. The "some evidence" test "is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* A conduct report can be sufficient evidence to support a finding of guilt, as can circumstantial evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). It is not the province of this court to reweigh the evidence or to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652.

Rather, the only question on habeas review is whether there is some evidence to support the hearing officer's determination. *Id.*

Mr. Tiller was found guilty of A-106, "Possessing a Weapon," which is defined by the Disciplinary Code as: "Possession or use of any . . . dangerous or deadly weapon." (ECF 8-13 at 2.) "Weapon" is defined as, "A thing designed or used for inflicting bodily harm or physical damage." (ECF 8-14 at 7.) "Possession," in turn, is defined as being "[o]n one's person, in one's quarters, in one's locker or under one's physical control." (*Id.* at 6.) The Disciplinary Code further provides:

> [A]n offender is presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

(*Id.*)

The evidence reflects that two officers conducting a random search of Mr. Tiller's cell found a nine-inch sharpened metal object in a hole near the toilet. There is no doubt that a nine-inch sharpened metal object is "dangerous" in the correctional setting, or that it could be used to inflict physical damage on an inmate or staff member. To the extent Mr. Tiller claims there is no definitive proof the knife was his, this was not a criminal trial, and his guilt did not have to be proven beyond a reasonable doubt. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). There only had to be "some" evidence of guilt to satisfy due process, and circumstantial evidence can suffice. *Meeks*, 81 F.3d at 721. There

6

is sufficient evidence in the record to support the hearing officer's conclusion that Mr. Tiller possessed a weapon in his cell, including the witness statements and the photo of the metal object. He has not established a due process violation.

Finally, he claims the hearing officer was not impartial. Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* Due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge. *Id.*

Mr. Tiller does not argue—nor does the record reflect—that the hearing officer was substantially involved in the underlying incident leading to the disciplinary charge. As best as can be discerned, he believes the hearing officer was not impartial because she postponed the hearing without telling him why, and because she considered the witness statement prepared by Sergeant Wolford in finding him guilty. The Due Process Clause did not entitle him to an explanation of why the hearing was postponed, although the form she completed reflects that the postponement was based on a need to conduct further investigation. To the extent he is claiming this violated the prison's internal procedures, this would not entitle him to federal habeas relief even if he is correct. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies in prison handbook had "no bearing on his right to due process"). The hearing officer was also entitled to weigh

7

the evidence and resolve conflicts in the witnesses' accounts. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006). The fact that she credited Sergeant Wolford's account over his does not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

For these reasons, the court DENIES the petition (ECF 1), and DIRECTS the clerk to close this case.

SO ORDERED.

December 21, 2023                                *s/ Damon R. Leichty*
                                                 Judge, United States District Court